IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JUN 26 PM 12: 06
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

PATRICK HENRY MOEHLE,
           Petitioner,

-vs-                                     Case No. A-14-CA-252-SS

WILLIAM STEPHENS,
           Respondent.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Patrick Henry Moehle's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1], and the Report and Recommendation of the United States Magistrate Judge [#5], to which Moehle has not objected.[1] Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders ACCEPTING the Magistrate Judge's recommendation and DISMISSING Moehle's petition.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Moehle is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections.

---

[1] The Magistrate Judge entered his Report and Recommendation on April 22, 2014. The R&R gave Moehle the standard fourteen days from receipt to file objections. The record reflects the R&R was signed for on behalf of Moehle at his place of incarceration on April 24, 2014. On April 30, 2014, Moehle executed his Motion for Extension of Time [#8], in which he requested sixty additional days to file objections. On May 8, 2014, the Court granted in part and denied in part the motion, giving Moehle thirty additional days to file objections. More than thirty days have now elapsed, and Moehle has not filed any objections or any other documents with the Court.

28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

Moehle is currently serving a twenty-five year sentence on a 2008 conviction for Driving While Intoxicated in a state court in Kendall County, Texas. Moehle was previously convicted of Escape in a state court in Gillespie County, Texas, and sentenced to nine years and six months in prison. Moehle admits he has served the entirety of his sentence in the Gillespie County case. Moehle's petition does not challenge his Kendall County conviction, but instead seeks to challenge his Gillespie County conviction because it was used to enhance his current sentence.

## Analysis

As the Magistrate Judge explained, because Moehle has fully served the sentence he now seeks to challenge, he is not "in custody" as required for federal habeas corpus relief. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."). As the United States Supreme Court has explained,

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 403–04 (2001) (internal citations omitted). Moehle's Gillespie County conviction is "no longer open to direct or collateral attack," and therefore he is precluded from challenging it under *Coss*. The only exception is if "the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." *Id.* at 404. Moehle alleges he was represented by counsel, and therefore does not qualify for this exception. The Court therefore lacks jurisdiction, and Moehle's petition must be dismissed.[2]

## Conclusion

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's

---

[2] Although Moehle's petition does not appear to challenge his Kendall County conviction, the Magistrate Judge correctly explained any such challenge would be time-barred. *See* 28 U.S.C. § 2244(d).

underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Moehle's petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly,

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#5] is ACCEPTED;

IT IS FINALLY ORDERED that Petitioner Patrick Henry Moehle's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

SIGNED this the 26th day of June 2014.

　　　　　　　　　　　　　　　　　　／Sam Sparks／
　　　　　　　　　　　　　　　　　　SAM SPARKS
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE